## IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| NEIL ZACCARI<br><br>                     Plaintiff,<br><br>          v.<br><br>THE UNITED STATES OF AMERICA<br><br>                     Defendant. | No. 1:18-cv-945<br><br>Judge Patricia E. Campbell-Smith |

## DEFENDANT'S MOTION TO DISMISS

## FOR LACK OF JURISDICTION

Pursuant to Section 1500 of Title 28 and Rule 12(b)(1) of the Rules of the United States Court of Federal Claims ("RCFC"), Defendant, the United States ("the government"), moves to dismiss Plaintiff's Complaint for lack of subject matter jurisdiction.  In addition, the government moves to dismiss Plaintiff's claims for equitable relief and for misappropriation of a trade secret pursuant to RCFC 12(b)(1).

In the event that the Court does not dismiss this action in its entirety, it should stay this case until resolution of the litigation with Apprio, Inc. (Plaintiff's former employer) in the District Court for the District of Columbia.  In that litigation, Apprio has asserted that it is owner of any copyrights or trade secrets by assignment from Mr. Zaccari in his employment agreements.  Accordingly, a stay in this case would conserve judicial resources and further a fair and cost effective resolution of the matter.

## MEMORANDUM IN SUPPORT OF MOTION

### BACKGROUND

On June 29, 2018, Plaintiff filed a Complaint against the government in the Court of Federal Claims pursuant to Sections 1498(b) and 1491(a) of Title 28 and Section 1836(c) of Title 18. *See* Compl. ¶ 4. Plaintiff alleges that the government infringed his copyright on a software program that automates a contract receipt and review process to identify Federal Acquisitions Requirements ("the CRR software"). *See* Compl. ¶¶ 1, 15. Specifically, the Complaint alleges that the government demanded a copy of the CRR software from Apprio, Inc. ("Apprio"), Plaintiff's employer, and subsequently collaborated with Discover Technologies LLC ("DT") to copy the CRR software and prepare a derivative work. *See* Compl. ¶¶ 19, 21. Both Apprio and DT were contractors of the government at the time the cause of action arose. *See* Compl. ¶¶ 19, 23. Plaintiff alleges copyright infringement and misappropriation of a trade secret and demands both monetary and injunctive relief for the alleged harm. *See* Compl. ¶¶ 37-65.

On the same day Plaintiff filed the present Complaint, Plaintiff filed two nearly identical complaints, one against Apprio in the U.S. District Court for the District of Columbia (D.C. Court) and one against DT in the U.S. District Court for the Eastern District of Virginia. *See* Compl. ¶ 1 ("Zaccari is concurrently filing complaints against Apprio . . . and against DT . . . ."); Government Appendix (GA) 1-GA13. (DT Complaint); GA14-28 (Apprio Complaint). These additional complaints base their claims on the same allegations of fact that are found in the present Complaint, using nearly identical language in the sets of facts. *Compare* Compl. ¶¶ 6-36, *with* GA2-GA9, ¶¶ 7-38 *and* GA14-GA22 ¶¶ 1-35. All three documents allege that acts of infringement were committed by Apprio and DT at the request of the government. *See* Compl. ¶¶ 19, 21; GA5-GA6 ¶¶ 20, 23; GA19-GA20 ¶¶ 18, 20.

**ARGUMENT**

Under RCFC 12(b)(1) and 12(h)(3), the Court must dismiss a complaint if it lacks jurisdiction over the subject matter. *Rohland v. United States*, 136 Fed. Cl. 55, 63 (2018). With respect to a motion to dismiss for lack of subject matter jurisdiction pursuant to RCFC 12(b)(1), "the plaintiff bears the burden of establishing the court's jurisdiction over its claims by a preponderance of evidence." *Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (Fed. Cir. 2011).

This Court lacks jurisdiction over the subject matter of each of the causes of action in the Complaint for the following reasons: first, the Court's jurisdiction over this lawsuit is barred by 28 U.S.C. § 1500; second, the Court lacks the power to provide the equitable relief against the government sought in Count II; and third, the Court lacks jurisdiction over claims of misappropriation of a trade secret, as alleged in Count III.

**I.      JURISDICTION OVER THE LAWSUIT IS BARRED BY 28 U.S.C. § 1500**

The subject matter jurisdiction of this Court is limited by 28 U.S.C. § 1500, which provides:

> The United States Court of Federal Claims shall not have jurisdiction of any claim for or in respect to which the plaintiff or his assignee has pending in any other court any suit or process against the United States or any person who, at the time when the cause of action alleged in such suit or process arose, was, in respect thereto, acting or professing to act, directly or indirectly under the authority of the United States.

28 U.S.C. § 1500 (2012). That statute bars subject matter jurisdiction in cases where: (*i*) the plaintiff had another suit that was pending in a different court when it filed this action; (*ii*) the other suit was "for or in respect to" the same claim as the present suit; and (*iii*) the other suit was brought against a "person" whose actions that form the basis for the suit were taken "under the authority of the United States." *Id.*

Plaintiff's suit must be dismissed for lack of subject matter jurisdiction because (*i*) the Complaint was filed simultaneously with two other complaints filed in different courts, (*ii*) the Complaint and the simultaneously-filed complaints contain nearly identical sets of facts, and (*iii*) the defendants in the simultaneously-filed complaints, Apprio and DT, were contractors of the government acting under the government's authority at the time the cause of action arose.

A. **The Plaintiff had two other suits pending at the time of filing because the Complaint in this case was filed simultaneously with complaints filed in two other courts.**

In determining subject matter jurisdiction, this Court follows the general principle that "the jurisdiction of the Court depends upon the state of things at the time of the action brought." *Keene Corp. v. United States*, 508 U.S. 200, 207 (1993) (*quoting Mollan v. Torrance*, 22 U.S. (9 Wheat.) 537, 539 (1824)). Therefore, the key inquiry is whether there was a case pending at the time of filing. Complaints that are filed on the same day are considered "pending" within the meaning of 28 U.S.C. § 1500. *See Passamaquoddy Tribe v. United States*, 82 Fed. Cl. 256, 271-72 (2008) (Bush, J.), *aff'd*, 426 F. App'x 916 (Fed. Cir. 2011) (holding that the district court suit was *per se* pending for the purposes of § 1500 because the district court suit was filed on the same day as the Complaint in this case); *See also Astornet Techs. Inc. v. BAE Sys., Inc.*, 802 F.3d 1271, 1274 (Fed. Cir. 2015) (*citing Harbuck v. United States*, 378 F.3d 1324, 1328 (Fed. Cir. 2004)).

Here, the three complaints were filed on the same day. As explored in detail by *Passamaquoddy Tribe*, there is a *per se* rule that complaints filed the same day are "pending." 82 Fed. Cl. at 271-72. This accomplishes the purposes of § 1500 by "forc[ing] an election of forum and [] prevent[ing] simultaneous dual litigation against the government." *UNR Indus., Inc. v. United States*, 962 F.2d 1013, 1021 (Fed. Cir. 1992). As a result of Plaintiff's two additional

complaints which were filed on the same day as the CFC complaint, Plaintiff undeniably had two

other suits pending in other courts at the time of filing.

      **B.**    **The three lawsuits are "for or in respect to" the same claim because they contain nearly identical sets of facts.**

The Supreme Court has clarified that "[t]wo suits are for or in respect to the same claim,

precluding jurisdiction in this Court, if they are based on substantially the same operative facts,

regardless of the relief sought in each suit." *United States v. Tohono O'Odham Nation*, 365 U.S.

307, 317 (2011). Complaints in which the sets of facts are word-for-word identical are based on

substantially the same operative facts. *See Davis v. United States*, 642 F. App'x 982, 984-85

(Fed. Cir. 2016) (holding that the two lawsuits were based on substantially the same operative

facts because the set of facts in the Court of Federal Claims complaint was word-for-word

identical to the set of facts in the Western District of Louisiana complaint).

Here, the sets of facts set forth in the Complaint and the simultaneously-filed complaints

are word-for-word identical with only a few exceptions.[1] As in *Davis*, in which the two lawsuits

were based on substantially the same operative facts that were word-for-word identical, here all

three lawsuits are based on substantially identical same operative facts. 642 F. App'x at 984-85.

Therefore, the three suits are "for or in respect to the same claim."

---

[1] For each paragraph found in the set of facts of the Complaint, there is an identical paragraph either in the DT complaint or in the Apprio complaint, and generally there is an identical paragraph in both. However, the numbering of the paragraphs differs between the complaints. In addition, the Apprio complaint and the DT complaint include additional paragraphs that add detail, but these do not change the operative facts of the Complaint.

**C.** **The other suits were brought against persons acting under the authority of the United States because Apprio and DT were government contractors**

A lawsuit brought in any court other than this Court against anyone "acting or professing to act, directly or indirectly under the authority of the United States" can disqualify a similar lawsuit against the government in this Court. 28 U.S.C. § 1500. Statutory language includes contractors in a list of entities that commonly act "for the government and with the authorization or consent of the government." *Id.* § 1498(b).

Here, Plaintiff alleges in the Complaint that Apprio and DT were acting under the authority of the government as contractors when they allegedly committed their acts of infringement. *See* Compl. ¶¶ 19, 21, 23. Specifically, the Complaint first states that the government "contacted Apprio[] . . . and asserted . . .  that Zaccari's development . . . was a serious task order violation, threatened to report Zaccari . . . and demanded a copy of the application." Compl. ¶ 19. Allegedly, this demand led Apprio to fear for its contract with the government and to "direct[] Zaccari to give the source code . . . to [the government]. *Id.* Then, the Complaint turns to allegations of collaboration between the government and DT "to copy Zaccari's CRR Software and prepare a derivative work . . . ." Compl. ¶ 21. The Complaint identifies DT as a contractor of the government by providing the contract number. Compl. ¶ 23. Therefore, based on Plaintiff's own allegations, both Apprio and DT were acting under the authority of the United States as contractors at the time of the cause of action.

Plaintiff had two lawsuits, one against Apprio and one against DT, pending in a different court when the Complaint was filed in this Court. In addition, these other suits are "for or in respect to" the same claim, and they were brought against a person allegedly acting under the authority of the United States. Therefore, jurisdiction in the Court of Federal Claims is precluded and the Complaint must be dismissed.

## II. THE COURT LACKS THE POWER TO PROVIDE EQUITABLE RELIEF AGAINST THE GOVERNMENT

The Court lacks jurisdiction over claims seeking relief other than money damages, except in limited circumstances involving contract claims not applicable here.[2] *See Placeway Constr. Corp. v. United States*, 920 F.2d 903, 906 (Fed. Cir. 1990); s*ee also United States v. Tohono O'Odham Nation*, 563 U.S. 307, 313 (2011) ("[T]he [Court of Federal Claims] has no general power to provide equitable relief against the Government."); *Terran v. Sec'y of Health and Human Servs.*, 195 F.3d 1302, 1309 (Fed. Cir.1999) (*citing United States v. King*, 395 U.S. 1, 3 (1969)) ("[A] plaintiff who seeks redress in the Court of Federal Claims must present a claim for 'actual, presently due money damages from the United States.'"). Binding precedent has upheld this principle in the context of cases brought pursuant to 28 U.S.C. § 1498. *See Adv. Software Design Corp. v. Fed. Res. Bank of St. Louis*, 583 F.3d 1371, 1375 (Fed. Cir. 2009); *Motorola, Inc. v. United States*, 729 F.2d 765, 768 n.3 (Fed. Cir. 1984); *see also Boyle v. United States*, 44 Fed. Cl. 60, 65 (1999) (Firestone, J.), *aff'd* 200 F.3d 1369 (Fed. Cir. 2000).

The Complaint bases the assertion of Plaintiff's right to injunctive relief on 17 U.S.C. § 502-03. *See* Compl. ¶¶ 54-55. However, section 502 explicitly states that it is subject to the provisions of 28 U.S.C. § 1498, which provide that, when a copyright is infringed by the United States or its agents, "the exclusive action which may be brought for such infringement shall be an action . . . for *the recovery of his reasonable and entire compensation* as damages for such infringement . . . ." 28 U.S.C. § 1498(b) (emphasis added). Therefore, injunctive relief is not authorized by 17 U.S.C. § 502-03 as alleged by Plaintiff, and the Court lacks jurisdiction over

---

[2] Section 1491 of Title 28 provides limited authority for the Court to award declaratory and injunctive relief in actions involving "bids or proposals for a proposed contract." 28 U.S.C. § 1491(b) (2012).

claims for equitable relief, as explained above. Plaintiff's claim for injunctive relief must therefore be dismissed for lack of subject matter jurisdiction.

### III. THIS COURT LACKS JURISDICTION OVER CLAIMS OF MISAPPROPRIATION OF A TRADE SECRET

This Court lacks jurisdiction to hear a claim that alleges improper discovery of trade secrets by the government because the claim sounds in tort. *See U.S. Marine, Inc. v. United States*, 722 F.3d 1360, 1365 (Fed. Cir. 2013) ("[M]isappropriation of a trade secret is a form of liability-supporting tort . . . the Claims Court cannot adjudicate [plaintiff's] claim of tort liability for misappropriation of trade secrets . . . ."); *see also* 28 U.S.C. § 1491 (2012); *Radioptics, Inc. v. United States*, 621 F.2d 1113, 1130 (Ct. Cl. 1980) ("Misappropriation of a trade secret is a tort and, as such, this court is without jurisdiction to grant relief on such a claim," and citing *Schillinger v. United States*, 155 U.S. 163 (1894)); *see also Keene Corp. v. United States*, 508 U.S. 200, 214 (1993) ("tort cases are outside the jurisdiction of the Court of Federal Claims"); *Brown v. United States*, 105 F.3d 621, 623 (Fed. Cir. 1997) ("The Court of Federal Claims . . . lacks jurisdiction over tort actions against the United States.").

Here, Plaintiff alleges misappropriation of a trade secret. *See* Compl. ¶¶ 62-65. As discussed above, this Court lacks jurisdiction to hear such a claim because it sounds in tort and no other statute waives sovereign immunity and grants this Court jurisdiction. Plaintiff asserts that his source code "constitutes a trade secret protected from misappropriation by 18 U.S.C. § 1836(b)(1)." Compl. ¶ 62. However, in doing so, Plaintiff fails to recognize that jurisdiction over a claim for misappropriation of a trade secret under that section is vested with the district courts of the United States, rather than with this Court. *See* 18 U.S.C. § 1836(c) ("The district courts of the United States shall have original jurisdiction of civil actions brought under this

section."). Therefore, this Court lacks jurisdiction to hear Plaintiff's claim for misappropriation of a trade secret, and the cause of action must be dismissed.

## IV.   IF COUNT I IS NOT DISMISSED, THIS CASE SHOULD BE STAYED

In response to Plaintiff's suit against Apprio in the District Court for the District of Columbia, Apprio has moved to dismiss on the grounds, *inter alia*, that Plaintiff assigned his rights in the copyright to Apprio as part of his employment agreement.  GA38-GA39, GA46-GA52 & GA19-20 (Appio's motion to Dismiss in D.C. Court). Apprio has also separately sued Mr. Zaccari to obtain title to the claimed copyright and the software. GA69-GA87 (Appio's Complaint in D.C. Court). At the heart of the matter is a contractual dispute over whether Plaintiff or Apprio owns the software at issue. While this Court could address ownership as part of the government defenses, we urge the Court to stay the case instead.  First, the D.C. Court has both Apprio (the employer) and Mr. Zaccari (the former employee) before it.  Thus, it should be able to address the questions relating to the employment agreement expeditiously and easier than this Court. This Court cannot compel Apprio to join the litigation, yet Apprio would be a necessary party to determining ownership. Second, having parallel or coordinate proceedings occurring at the same time would be wasteful of judicial resources, so at least one case should be stayed.

## CONCLUSION

This Court lacks subject matter jurisdiction in this case because the lawsuit is barred by 28 U.S.C. § 1500, the Court lacks power to provide equitable relief against the government, and the Court lacks jurisdiction over claims of misappropriation of a trade secret. Therefore, the Complaint must be dismissed pursuant to RCFC 12(b)(1) and 12(h)(3).  Accordingly, the government respectfully requests that this Court dismiss Plaintiff's Complaint for lack of subject

matter jurisdiction. Even if Count I is not dismissed, that claim should be stayed in favor of the

pending litigation in District Court for the District of Columbia.

Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General


*s/Gary L. Hausken*
GARY L. HAUSKEN
Director
Commercial Litigation Branch
Civil Division
Department of Justice
Washington, DC 20530
Telephone:     (202) 307-0342
September 28, 2018                          Facsimile:     (202) 307-0345